No. 24-312 – *In re R.B.*

BUNN, Justice, concurring:

FILED

**November 13, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

This case presents a scenario frequently encountered in the context of modification of disposition—an alleged material change of circumstances that elicits a reevaluation of parents who retain their parental rights, but whose custodial rights were terminated to allow them time to resolve substance abuse or other issues. This Court has examined the propriety of modification in a variety of those scenarios including where the parent's adjudicated issues have resolved, deteriorated, or merely improved.[1] Frequently, as in this case, the alleged material change of circumstances prompts dual motions by the parent and the DHS, each utilizing the change of circumstances to revisit the parent's progress or lack thereof and seek a different disposition. *See, e.g., In re H.T.*, 250 W. Va. at 19, 902 S.E.2d at 151 (describing "competing motions for modification").

Petitioner advances a common argument when modification results in termination of parental rights: that the materially changed circumstances eliciting the

---

[1] *See, e.g., In re K.K.*, No. 23-341, 2024 WL 4751685, at *2 (W. Va. Nov. 12, 2024) (memorandum decision) (mother adjudicated for substance abuse "sought a modification of the disposition based on a material change in circumstances, i.e. her sobriety and [custodial parent's] apparent relapse[]"); *In re D.G.*, No. 22-767, 2023 WL 6144639, at *3 (W. Va. Sept. 20, 2023) (memorandum decision) (affirming modification of disposition where "worsening of petitioner's condition . . . was the change in circumstances that justified modification[]"); *In re J.P.*, No. 19-0472, 2020 WL 6542021, at *4 (W. Va. Nov. 6, 2020) (memorandum decision) (same); *In re H.T.*, 250 W. Va. 11, 26, 902 S.E.2d 143, 158 (2024) (Bunn, J., dissenting) ("[A]t the time she sought modification [the mother] had made significant progress toward substantially remedying the conditions of neglect and abuse that led to her losing custody[.]").

1

modification did not necessarily require a different disposition and that the status quo should have been maintained. In a similar case, I advocated for precisely this handling. *See In re H.T.*, 250 W. Va. at 25, 902 S.E.2d at 157 (Bunn, J., dissenting) ("[G]iven the level of sobriety achieved by M.L., and her employment and stable home, I believe H.T.'s interests are best served by denying both motions for modification, leaving the Disposition 5 in place to preserve the status quo as to H.T.'s custody[.]"). However, in this case, I agree that petitioner's disposition was appropriately modified to terminate her parental rights and clear a path for R.B.'s permanent placement. I write separately to illustrate the distinction in these cases and more fully examine petitioner's argument.

The starting point for this analysis, of course, is the statutory language itself. West Virginia Code § 49-4-606(a) provides, in part, that

> Upon motion of a child, a child's parent or custodian or the department alleging *a change of circumstances requiring a different disposition*, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

(emphasis added). The emphasized language is the foundation of petitioner's argument: that the death of R.B.'s legal guardian required only a new guardian, not a different disposition, much less a termination of her parental rights. Specific to her own case, petitioner's argument overlooks two critical factors: 1) petitioner was the first to seek modification based on the guardian's death, tacitly conceding that the death necessitated a different disposition; and 2) the DHS filed a competing motion to modify, citing

2

petitioner's unrelenting substance abuse and the availability of R.B.'s adoption as additional changed circumstances warranting modification. Finding that petitioner "has had four years to establish a substantial change in circumstances," the circuit court found that the guardian's death, petitioner's unabated substance abuse, and the availability of adoption required termination of petitioner's parental rights to achieve permanency for R.B.

But the question raised by petitioner's argument remains: is a court prohibited from modifying disposition where the material change of circumstances may be addressed without altering disposition? As required by the statutory language and as guidance for all consideration of our abuse and neglect procedures, this question is informed by what serves a child's best interests. Events that constitute a "material change of circumstances" rarely happen in a vacuum; those developments create residual effects that may change the child's needs or opportunities. And while the statute describes a material change of circumstances "requiring modification," its language also directs the court to determine if "modification is in the child's best interests[.]" The court is not limited to addressing only what the specific changed circumstance necessitates, but rather what is in a child's best interests *in light of that changed circumstance* and under the circumstances as they then exist. *See In re H.T.*, 250 W. Va. at 18 n.10, 902 S.E.2d at 150 n.10 ("[T]he change in circumstances must be viewed in the context of a 'different disposition' as requested in the motion to modify.").

In this case, while the motions to modify were pending, R.B.'s permanent guardian died, her mother, who retained residual parental rights, continued to grapple with substance abuse, and a fit and willing relative surfaced who was willing to adopt her. These new circumstances—different than those that existed at the time of petitioner's original disposition—empowered the court to revisit petitioner's disposition to ensure R.B.'s best interests were properly served. The court was not limited to addressing *only* the material change but was required by West Virginia Code § 49-4-606(a) to consider whether modification of disposition as a result of that material change served R.B.'s best interests.

Similarly, in *In re E.S.*, the circuit court terminated the mother's custodial rights and directed her to address her substance abuse, depression, and housing issues while the father completed his improvement period. No. 16-0821, 2017 WL 678881, at *2 (W. Va. Feb. 21, 2017) (memorandum decision). After the father failed his improvement period and the court terminated his rights, the DHS sought modification of the mother's disposition. *Id*. The circuit court found that the father's termination constituted a material change of circumstances, and considering "the children's ability to obtain permanency through adoption by their foster family" ordered termination of the mother's residual parental rights. *Id*. We affirmed, explaining that "the circuit court clearly based its prior, less-restrictive disposition on the fact that the father was progressing in an improvement period at the time." *Id*. We found termination of the mother's rights appropriate because she had "failed to correct the outstanding issues of mental health and housing, despite the

4

fact that she had over one year from her original dispositional hearing to address these issues[.]" *Id*. at *3.

*In re E.B.* illustrates that, while the father's termination of rights, in isolation, required no modification of the mother's disposition, his termination and the mother's continued issues altered the children's permanency outlook. It was the *impact* of that material change on the children's circumstances that required modification of the mother's disposition. Like the instant case, the mother's residual parental rights and unabated neglect obstructed the children's permanent placement, justifying modification. The material change of circumstances in both cases "brought to the forefront the question of whether [the parent] [i]s a suitable placement for [the child]." *In re H.T.*, 250 W. Va. at 19, 902 S.E.2d at 151. Where a parent with residual parental rights continues to be unsuitable for reunification, the modification statute's best interests analysis permits the court to consider whether termination is appropriate.

In contrast, some material changes of circumstance have no effect on an existing disposition, and the child's best interest is served by maintaining the status quo. This is particularly the case where a parent demonstrates some level of improvement as envisioned by the prior disposition, even if that parent is not yet fully positioned for reunification. In *In re H.T.*, despite the mother's "'[d]ramatic recovery,'" I acknowledged that given the lack of visitation with H.T., reunification was not necessarily appropriate at that time, but that "neither the circuit court nor this Court were limited solely to considering

5

the disposition of reunification." 250 W. Va. at 23-25, 902 S.E.2d at 155-57 (Bunn, J., dissenting). Even where competing motions for modification are filed, a court is not obliged to grant either where continuation of the prior disposition would serve the child's best interests. *See In re S.W.*, 236 W. Va. 309, 315, 779 S.E.2d 577, 583 (2015) (finding that despite material change of circumstances, statute "prohibit[s] a modification of the disposition . . . in the absence of a showing that the child's best interests would be served by altering the status quo").

Just as a court must make a dispositional determination under West Virginia Code § 49-4-604(c) based on the parent's and child's circumstances as they then exist—including a parent's progress, the child's physical and emotional needs, available placement options, and the status of any residual parental rights—the court must do the same in addressing modification. Nothing in West Virginia Code § 49-4-606(a) limits a court to minimal disturbance of the prior disposition while ignoring any interim developments and the child's present needs. To the contrary, the statute requires the court to determine whether the child's best interests, as affected by the material change of circumstances, presently requires a different disposition. Here, a mere change of guardian as urged by petitioner would have failed to address the impediment to permanency her residual parental rights and unresolved substance abuse presented. Accordingly, I concur.